UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH,   #59159, | ) C/A No. 3:11-809-TLW-JRM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| The State of South Carolina; | ) |
| Attorney General Alan Wilson; | ) |
| Warden, Alvin S. Glenn Detention Center; | ) |
| The City of Columbia, *South Carolina*, | ) |
| | ) |
| Respondents. | ) |

*Background of this Case*

Petitioner is a detainee at the Alvin S. Glenn Detention Center. Petitioner indicates that she has been sentenced to jail for contempt by the Municipal Court for the City of Columbia for contumacious behavior at a hearing in the Municipal Court for the City of Columbia on March 28, 2011.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents:

1

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal.

With respect to her conviction and sentence for contempt, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted her state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); and *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his

2

> claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted).

In any event, it is clear that Petitioner has not exhausted her state court remedies. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). A direct appeal is the first step taken by a recently-convicted South Carolina prisoner to exhaust his or her state court remedies. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). *See also Rhoad v. State*, 372 S.C. 100, 641 S.E.2d 35 (2007) (direct appeal affirming conviction for criminal contempt); and *Ex parte Jackson*, 381 S.C. 253, 672 S.E.2d 585 (S.C.Ct. App. 2009) (reversing, on direct appeal, conviction for criminal contempt).

If a direct appeal was filed and the direct appeal turns out to be unsuccessful (or if no direct appeal was filed), Petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10 (Westlaw 2011). Petitioner may use the post-conviction process for a conviction entered in a municipal court or in a county magistrate's court. *Talley v. State*, 371 S.C. 535, 640 S.E.2d 878 (2007). Petitioner can still file an application for post-conviction relief even if her sentence, in the meantime, expires. *Jackson v. State*, 331 S.C. 486, 489 S.E.2d 915, 916-17 & nn. 1-2 (1997).

If a South Carolina litigant's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that

post-conviction case. *See* S.C. Code Ann. § 17-27-100 (Westlaw 2011); and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977).

Since Petitioner has yet to exhaust at least three (3) viable state court remedies — a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while Petitioner is exhausting her state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

*Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice and without requiring Respondents to file an answer or return*. Petitioner's attention is directed to the important Notice on the next page.

April 13, 2011                                    Joseph R. McCrorey
Columbia, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5